# Report and Recommendation on the Issue of Damages Following the Entry of Default Judgment

Case Name and Docket Number: ***Gilday et al. v. SDS Telecom Inc. et al.***
**15-CV-6962 (DRH)(GRB)**

Before the undersigned is a referral by the Honorable Denis R. Hurley for report and recommendation on plaintiffs' second motion for damages following the entry of judgment in favor of plaintiffs against defendant SDS Telecom Inc. Electronic Order dated September 25, 2018.

On March 25, 2016, plaintiffs filed a motion for default judgment as to all defendants, which was referred to the undersigned. Docket Entry No. ("DE") 13; Order dated March 28, 2016. The undersigned recommended that default judgment enter against defendant SDS Telecom Inc. and recommended that the Court award no damages because plaintiffs failed to provide documentary evidence to support their requested damages (the "First R&R"). *See* DE 16. Judge Hurley adopted the First R&R in its entirety. DE 19. On December 7, 2017, plaintiffs filed a renewed motion for damages, which was referred to the undersigned. DE 21; Order dated December 8, 2017. The undersigned again recommended that the Court award no damages because plaintiffs failed to provide documents and the affidavits were not based on personal knowledge (the "Second R&R"). DE 24. Judge Hurley adopted the Second R&R in its entirety. DE 27. Plaintiffs again move for an award of damages.[1] DE 26.

### Damages

It is well established, that although a party's default "is deemed to constitute all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992) (internal quotation marks and citations omitted). Rather, once a party's default as to liability is established, plaintiffs bear the burden of proof and must introduce sufficient evidence to establish "that the compensation sought relates to the damages that naturally flow from the injuries pleaded." *Id.*; *see Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.,* 699 F.3d 230, 234 (2d Cir. 2012). A court "must conduct an inquiry to ascertain the amount of damages with reasonable certainty," *Credit Lyonnais Securities (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999), and in doing so, may rely upon detailed affidavits and documentary evidence, *see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp,* 109 F.3d 105, 111 (2d Cir. 1997).

Plaintiffs have cured the defects identified in the Second R&R by providing an affidavit based on personal knowledge and attaches the underlying Fund documents as well. *See* DE 26-1; DE 26-3. The documents show a contribution amount owed to Electrical Industry Board Trust Fund ("EIB") of $22,535.84. *See* DE 26-3. After crediting a $4,000 payment, the amount owed to EIB is $18,535.84.

However, the documents do not support an award for the National Electrical Benefit Fund ("NEBF") and the Administrative Maintenance Fund ("AMF") contributions amounts requested. Below is a chart detailing plaintiffs' request and the amount their documents support.

---

[1] Plaintiffs' "motion" is made in the form of additional materials submitted in their objections to the report and recommendation dated August 30, 2018. *See* DE 26.

| Contribution Type | Amount Requested in Affidavit[2] | Amount Listed in Documents[3] |
|---|---|---|
| NEBF | $1,008.74 | $1,271.57 |
| AMF | $147.53 | $169.53 |

Because these amounts are less than the documents support the undersigned recommends that the Court enter an award, for the NEBF and AMF contribution amounts, of $1,008.74 and $147.53 respectively.

Therefore, the undersigned respectfully recommends that the Court award plaintiff damages in the amount of $19,692.11, plus interest calculated at the rate of 6% per annum from the date the contributions became due.[4]

***Objections***

A copy of this Report and Recommendation is being provided to plaintiffs' counsel via ECF. Furthermore, the Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendants at the last known addresses, and (2) to file proof of service on ECF within two days.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

/s/ Gary R. Brown                                                           August 30, 2019

GARY R. BROWN, United States Magistrate Judge          Date

---

[2] DE 26-1 at ¶ 9.

[3] DE 26-3.

[4] Plaintiff is entitled to interest at a rate not less than 6% per annum pursuant to the collective bargaining agreement.  DE 26-2 at 27, ¶ 11.12.